UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUNIOR FRED BLACKSTON,

           Petitioner,

v.                                      CASE NO. 2:09-cv-14766
                                        HONORABLE ARTHUR J. TARNOW

LLOYD W. RAPELJE,

           Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION
FOR IMMEDIATE CONSIDERATION AND A STAY
AND GRANTING RESPONDENT'S MOTION TO SEAL
THE STATE CORRECTIONS RECORD**

      Petitioner Junior Fred Blackston is serving a life sentence for the first-degree murder of Charles Miller in 1988. Petitioner challenged his state conviction in a *pro se* habeas corpus petition. On December 5, 2012, the Court granted relief. The Court held that the trial court violated Petitioner's constitutional rights to due process and to confront the witnesses against him by refusing to permit Petitioner to impeach the testimony of two key prosecution witnesses with their recanting statements. The Court ordered the State to release Petitioner unless it took steps to retry him within ninety days of its opinion and order.

      Respondent Lloyd W. Rapelje has appealed the Court's opinion and order granting a conditional writ of habeas corpus. Currently pending before this Court are Respondent's motion for immediate consideration and a stay and his motion to seal the state corrections records.

      In his motion to seal, Respondent alleges that he is relying on portions of Petitioner's corrections records in his motion for a stay. The corrections records are not available to the public, and they include presentence investigation reports, which are confidential.

09-14766 *Blackston v. Rapelje*

Consequently, Respondent's motion to seal [Doc. #19, filed Jan. 4, 2013] is **GRANTED**. No further action is necessary, because the records have already been sealed.

In his motion for a stay, Respondent asks the Court to stay the operation of its opinion and order granting habeas relief pending resolution of his appeal to the United States Court of Appeals for the Sixth Circuit. Respondent contends that a stay is necessary because the appellate case is likely to remain pending beyond the ninety-day period the Court afforded the State to retry Petitioner.

When determining whether to grant a stay, a court must consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Generally, when a federal district court grants habeas corpus relief in favor of a state prisoner, the district court or the court of appeals will grant a stay of judgment. *Wolfe v. Clarke*, 819 F. Supp.2d 574, 578 (E.D. Va. 2011) (citing Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, Sixth Edition § 36.4[d] (Matthew Bender) (collecting cases), *judgment affirmed*, 691 F.3d 410 (4th Cir. 2012).

This Court ordered the State to release Petitioner unless it took steps to re-try Petitioner within ninety days of the Court's dispositive opinion and order, which was signed and entered on the docket on December 5, 2012. The State has opted not to release Petitioner. It plans to re-try him even if the Court of Appeals affirms this Court on appeal. Therefore, the only issue is whether the State should attempt to re-try Petitioner within ninety days of December 5, 2012.

                                                                                            09-14766 *Blackston v. Rapelje*

Regardless of whether the State is likely to succeed on appeal, the Court believes that the other *Hilton* factors weigh in favor of granting a stay.  The possibility exists that the Court of Appeals will reverse this Court's decision and deny Petitioner a new trial.  Should that occur, the State will have been irreparably injured by expending the resources necessary to retry Petitioner.  Thus, the State's interest in a stay is strong, and the second *Hilton* factor favors the State.

The third factor requires a determination of whether issuance of the stay will substantially injure other parties interested in the proceeding.  Petitioner is serving a sentence of life imprisonment without the possibility of parole, and the State plans to retry him even if the Court of Appeals affirms this Court.  Consequently, there is a strong possibility that Petitioner will be required to remain in state custody regardless of the outcome of the appeal.  If the State prevails on appeal, Petitioner will continue serving his life sentence, and if the State loses on appeal, Petitioner is likely to be held in pretrial custody pending a new trial.  Issuance of the stay is not likely to substantially injure Petitioner, and the third factor weighs in the State's favor.

The fourth and final factor requires consideration of where the public interest lies.  The public has an interest in the prompt and efficient administration of justice, *see Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985), and the avoidance of unnecessary relitigation.  For the State to proceed with a new trial when the possibility exists that this Court will be reversed on appeal does not advance the public's interest in judicial economy.  The Court therefore finds that the fourth factor weighs in the State's favor.

09-14766 *Blackston v. Rapelje*

On balance, three of the four factors weigh in the State's favor. Accordingly, Respondent's motion for immediate consideration and for a stay [Doc. #18, dated Jan. 4, 2013] is **GRANTED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2013, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant